**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 28, 2023

LETTER TO COUNSEL

RE: *Regina B. v. Commissioner, Social Security Administration*
Civil No. SAG-22-1261

Dear Counsel:

On May 26, 2022, Plaintiff Regina B. petitioned this Court to review the Social Security Administration's ("SSA's" or "Defendant's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment, Plaintiff's reply, and Defendant's two Notices of Supplemental Authority. ECFs 11, 13, 14, 15, and 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant Defendant's motion, and affirm the Commissioner's decision. This letter explains my rationale.

Plaintiff protectively filed her claim for benefits on May 6, 2019, alleging a disability onset date of November 30, 2018. Tr. 270–81. Her claim was denied initially and on reconsideration. Tr. 132–35, 137–38. On August 18, 2021,[1] an Administrative Law Judge ("ALJ") held a hearing. Tr. 39–86. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 19–32. The Appeals Council ("AC") denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

At step one of the sequential evaluation, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since November 30, 2018, the alleged onset date." Tr. 21. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "plantar fasciitis; degenerative joint disease of the knees; epicondylitis; hypothyroidism with a goiter; generalized anxiety disorder; and major depressive disorder." *Id.* At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22. The ALJ further found that Plaintiff has mild limitations in three of the four broad areas of mental

---

[1] The ALJ previously held a hearing on January 7, 2021, but rescheduled to allow Plaintiff's counsel to appear at the rescheduled hearing. Tr. 88–98.

*Regina B. v. Commissioner, Social Security Administration*
Civil No. SAG-22-1261
April 28, 2023
Page 2

functioning (known as the "paragraph B" criteria), including (1) understanding, remembering, or applying information; (2) interacting with others; and (3) adapting or managing oneself. Tr. 24. In the fourth area, concentrating, persisting, or maintaining pace, the ALJ found that Plaintiff has a moderate limitation. *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in the regulations, with the following limitations: no climbing; no more than frequent balancing, kneeling, stooping, crouching or crawling; no concentrated exposure to respiratory irritants or hazards such as dangerous moving machinery or unprotected heights; can understand, remember and carry out tasks that can be learned in 3 months or less; and no fast paced production requirements, such as assembly line or piece meal production.

Tr. 25. After considering testimony from a vocational expert, the ALJ determined that Plaintiff could not perform past relevant work as a medical records technician (Dictionary of Occupational Titles ("DOT") Code 079.362-014). Tr. 31. Nevertheless, the ALJ determined that Plaintiff retained transferrable skills from this past relevant work to enable her to perform other jobs that existed in significant numbers in the national economy, including medical records clerk (DOT Code 245.362-010) and data entry clerk (DOT Code 203.582-054). Tr. 31–32. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

Plaintiff raises three arguments on appeal. ECF 11-1, at 3–13. Specifically, Plaintiff argues that (1) the ALJ erred at step five of the sequential evaluation, *id.* at 3–4; (2) the ALJ failed to include limitations in the RFC to adequately accommodate Plaintiff's mental limitations, *id.* at 4–11; and (3) the ALJ and AC were not properly appointed under the Federal Vacancies Reform Act of 1998 ("FVRA"), 5 U.S.C. §§ 3345 et seq., *id.* at 12–13. Defendant counters that (1) the ALJ and AC were properly appointed, ECF 13-1, at 5–17; (2) the ALJ's finding at step five was proper, *id.* at 17–19; and (3) the ALJ's RFC assessment is supported by substantial evidence and adequately accommodates Plaintiff's mental impairments, *id.* at 19–25.

I begin with Plaintiff's third argument—whether the ALJ and AC were properly appointed—as the answer to that question determines whether the Court can address Plaintiff's other two arguments. *See Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018); *Carr v. Saul*, 141 S. Ct. 1352, 1357 (2021); *see also Foster v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00290-PHX-JAT, 2023 WL 2661608, at *1 (D. Ariz. Mar. 28, 2023) (noting that the FVRA question in a Social Security appeal is "controlling"). The FVRA outlines the procedure when "an officer of an Executive agency . . . whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office." 5 U.S.C. § 3345(a). A "person serving as an acting officer [pursuant to the FVRA] may serve in the office":

> (1) for no longer than 210 days beginning on the date the vacancy occurs; or

*Regina B. v. Commissioner, Social Security Administration*
Civil No. SAG-22-1261
April 28, 2023
Page 3

> (2) subject to subsection (b), once a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the period that the nomination is pending in the Senate.

*Id.* § 3346(a). When a vacancy occurs within the first sixty days of "a transitional inauguration day," the duration prescribed in §3346(a)(1) extends to 300 days. *Id.* § 3349a(b).

Nancy Berryhill assumed the position of Acting Commissioner of the SSA on January 20, 2017, the first day of Donald Trump's presidency. *Rush v. Kijakazi*, 65 F.4th 114, 2023 WL 2877081, at *1 (4th Cir. 2023). Plaintiff contends that Acting Commissioner Berryhill could not properly serve as head of the SSA under the FVRA after November 16, 2017—300 days after she assumed the position. ECF 11-1, at 12. Plaintiff argues that because Acting Commissioner Berryhill's tenure had exceeded the statutory maximum number of days under § 3346 when she "purported to properly appoint SSA's ALJs and Appeals Council judges" on July 16, 2018, she did so "without legal authority."[2] ECF 11-1, at 12 (citing SSR 19-1p, 2019 WL 1324866). As such, Plaintiff asserts that she is entitled to a new hearing before a properly appointed ALJ and AC judges. *Id.* at 13.

The Fourth Circuit recently unequivocally dispelled Plaintiff's argument. In *Rush v. Kijakazi*, the Fourth Circuit explained that subsections (1) and (2) of § 3346(a) "set forth two independent periods" during which a person could properly serve as an acting officer. 2023 WL 2877081, at *3. Acting Commissioner Berryhill stepped down after the Government Accountability Office issued a report in March 2018 determining that Berryhill could not properly continue to serve as Acting Commissioner under § 3346(a)(1) after November 16, 2017. *Id.* at *1. However, once President Trump nominated Andrew Saul to be Commissioner in April 2018, Nancy Berryhill once again assumed the role of Acting Commissioner, this time, under § 3346(a)(2). *Id.* at *2. "It was during this second period of acting service, in July 2018, that Berryhill purported to ratify the appointments of SSA's ALJs." *Id.* (citing *Carr*, 141 S. Ct. at 1357).

The Fourth Circuit held that "[a]n acting officer may serve while a nomination is pending in accordance with § 3346(a)(2) regardless of whether her service under § 3346(a)(1) expired before the nomination was submitted. Berryhill therefore was properly serving as SSA Acting Commissioner when she ratified the ALJs' appointments." *Id.* at *7. As such, the SSA's ALJs and AC judges were properly appointed, and Plaintiff is not entitled to a new hearing on this point.

Turning to the substantive arguments, Plaintiff first argues that the ALJ erred at step five of the sequential evaluation because the ALJ limited Plaintiff to "tasks that can be learned in 3

---

[2] In *SEC v. Lucia*, the Supreme Court held that Securities and Exchange Commission ALJs were "Officers of the United States" and therefore had to be appointed by the agency head, the president, or a court of law under the Appointments Clause of the U.S. Constitution. 138 S. Ct. at 2051 (citing U.S. Const. art. II, § 2, cl. 2). Acting Commissioner Berryhill reappointed the SSA's ALJs and AC judges in response *Lucia*. *Carr*, 141 S. Ct. at 1357.

months or less," Tr. 25, but also found that Plaintiff could perform the jobs of medical records clerk and data entry clerk, both of which are jobs of Specific Vocational Preparation ("SVP") level 4, Tr. 32, 79. ECF 11-1, at 3–4. Under the Dictionary of Occupational Titles ("DOT"), SVP 4 jobs require "[o]ver 3 months up to and including 6 months." U.S. Dep't of Labor, Dictionary of Occupational Titles, Appendix C - Components of the Definition Trailer (4th ed. 1991), 1991 WL 688702.

Contrary to Plaintiff's assertion, there is no conflict that the ALJ was required to resolve. He determined that Plaintiff could not learn *new* tasks that required more than 3 months to learn. Though Plaintiff may not be able to do other SVP 4 jobs due to the task-learning limitation in the RFC, the jobs of medical records clerk and data entry clerk are not precluded because they do not require Plaintiff to learn new skills—her skills transfer from her past relevant work. *See* Tr. 31 ("The claimant has acquired work skills from past relevant work[.]"), Tr. 32 ("The vocational expert was asked if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and residual functional capacity as the claimant, *which require skills acquired in the claimant's past relevant work but no additional skills* and requires little to no vocational adjustment." (emphasis added)). Remand is not required on this point.

Finally, Plaintiff's argument that the ALJ failed to adequately account for Plaintiff's mental limitations also fails. Plaintiff cites *Wells v. Colvin*, a Tenth Circuit case, for the proposition that "even mild [limitations in the four broad functional areas] must find adequate expression via specific functional limitations in the RFC determination or the ALJ must adequately explain their basis for not doing so." ECF 11-1, at 5 (citing *Wells*, 727 F.3d 1061, 1068–71 (10th Cir. 2013)). Plaintiff contends that the RFC limitation restricting Plaintiff to tasks that can be learned in 3 months or less and no fast-paced production requirements "[o]n its face . . . ignores [Plaintiff]'s mild limitations in interacting with others and adapting or managing herself[.] This alone is an error requiring remand for further proceedings." ECF 11-1, at 6 (citation omitted).

The Fourth Circuit has held that an ALJ must either account for a claimant's moderate limitation in concentration, persistence, and pace in the RFC or adequately explain why no such RFC limitation is necessary. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). However, this Court has declined to extend *Mascio*'s holding to cases where the ALJ found a claimant had only mild limitations in this functional area. *See Moyers v. Comm'r*, No. SAG-17-357, 2018 WL 1471459, at *4 (D. Md. Jan. 5, 2018) ("As an initial matter, there is no requirement that a finding of 'mild' difficulty in concentration, persistence, or pace must translate to a correlating limitation in the RFC assessment."); *Matthews v. Comm'r*, No. SAG-15-3341, 2016 WL 4687635, at *4 (D. Md. Sept. 7, 2016) ("This Court has yet to extend *Mascio* to cover a finding of only mild limitations, and will not do so on this record."); *Theresa C. v. Kijakazi*, No. 21-2026-BAH, 2022 WL 3649965, at *5 (D. Md. Aug. 24, 2022); *Walter G. v. Kijakazi*, No. 21-2400-BAH, 2022 WL 12036530, at *4 n.6 (D. Md. Oct. 20, 2022). Plaintiff concedes that the "RFC arguably accommodate[s Plaintiff]'s moderate deficiencies in concentration, persistence, or pace by restricting her to no fast paced production requirements." ECF 11-1, at 6.

What is more, the ALJ adequately explained why she found additional mental limitations unwarranted.  In the RFC assessment, the ALJ noted that despite Plaintiff's mental impairments, she "did not exhibit any major abnormalities in memory, behavior, judgment, insight, or thought process during the consultative exam." Tr. 28.  The ALJ highlighted the generally normal findings in Plaintiff's mental health treatment records.  *Id.*  Despite "a gap in treatment," "there was no significant worsening in her mental status examination" when Plaintiff returned to treatment in August 2020.  *Id.*  Moreover, in assessing the State Agency Psychological Consultants' medical opinions, the ALJ noted that Plaintiff "exhibited no significant abnormalities in cognition or memory, and her activities of daily living were suggestive of no limitations in adapting or managing oneself."  Tr. 30.  The ALJ explicitly did "not adopt[] the limitations regarding interacting with others because the evidence does not indicate limitations in this domain."  *Id.*  Plaintiff challenges neither the ALJ's application of the "paragraph B" criteria at step three nor the ALJ's explanation of why the psychological consultants' additional RFC limitations were not required.[3]  As such, the ALJ adequately supported the RFC assessment—including the conclusions about why no further mental limitations were necessary—with substantial evidence, so remand is not warranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 11, is DENIED and Defendant's Motion for Summary Judgment, ECF 13, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge

---

[3] Indeed, Plaintiff expressly clarifies as much:

> Lest the Agency misstate the specific legal issue, Plaintiff will make it clear. This issue has nothing to do with how the ALJ weighed the medical evidence or what medical opinions and other facts were considered. Rather, the issue is solely whether it was legal error for the ALJ to omit Plaintiff's proven mental functional limitations from the RFC finding without explanation.

ECF 11-1, at 6 n.3.